George W. Schaffer

P.O. Box 134

Skull Valley, AZ 86338

(928)899-5873

FILED _____ LODGED
_____ RECEIVED _____ COPY

JUL 2 5 2017

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

George W. Schaffer,

            Plaintiff,

            VS.

Larry Hooten, Defendant and

Daniel Morales, Defendant

Case No:_ CV-17-08150-PCT-MHB

COMPLAINT

DEMAND FOR JURY TRIAL

## I. JURISDICTION AND VENUE

1) This action is brought pursuant to 42 U.S.C. § 1983 & 1988, and the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

2) Plaintiff evokes the jurisdiction of this court pursuant to Title 28 U.S.C. § 1331, 1343 and 1367.

3) Venue is appropriate in this district pursuant to 28 U.S.C § 1391 because the event(s) that gave rise to this complaint occurred within the judicial boundaries of this court.

4) Plaintiff/Petitioner George W. Schaffer (hereafter "Plaintiff") has lived in Yavapai County, Arizona since 1974.

5) Defendants Officer Larry Hooten, (hereafter "Defendant Hooten") and Officer Daniel Morales (hereafter "Defendant Morales") at all times relative to the facts herein this complaint were Yavapai County Deputy Sheriffs acting in such capacity as the agents, servants and employees, employed by Yavapai County Sheriff's Office and are being sued in their individual capacities.

## III. FACTS

6) All events depicted herein occurred on the evening of 29 July, 2016.

7) Plaintiff was on a call as a first responder and member of the Skull Valley Fire Dept. and acted effectively with other responders.

8) Plaintiff was asked to participate in a debriefing conducted by Defendant Hooten.

9) During the debriefing Plaintiff reacted with an involuntary, non-threatening mild expression.

10) Defendant Hooten responded to Plaintiff's reaction with a question.

11) Defendant Hooten did not allow Plaintiff to respond.

12) Defendant Hooten immediately demanded Plaintiff to state his full name and date of birth.

13) There was no suspicion of a crime, and no probable cause, and so Plaintiff, who was aware of his Rights defined in the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, responded to Defendant Hooten's demand for his full name and date of birth with the statement "You don't need that."

14) Defendant Hooten continued to demand Plaintiff's full name and date of birth.

15) Plaintiff maintained his refusal to give Defendant Hooten his full name and date of birth.

16) Plaintiff attempted to leave the debriefing.

17) Defendant Hooten and Defendant Morales were both armed and pursued and seized Plaintiff, when Plaintiff was at liberty and in violation of Plaintiff's Fourth and, Fourteenth Amendment rights, with a show of force that was emphasized by Defendant Morales pulling out his night stick.

18) Plaintiff was ordered to put his hands on a car.

19) Plaintiff put his hands on the car.

20) Defendant Hooten again demanded Plaintiff's full name and date of birth, giving him two seconds to provide that information.

21) Defendant Hooten then said, "Too late" and instructed Defendant Morales to handcuff plaintiff.

22) Defendant Morales then put handcuffs on Plaintiff.

23) Defendant Hooten threatened to transport, and book plaintiff, to acquire his full name and date of birth.

24) After approximately ten minutes Plaintiff asked if he was being transported.

25) Defendant Hooten replied "You aren't worth my time," and instructed Defendant Morales to remove the handcuffs.

26) Defendant Hooten and Defendant Morales acting in concert and collusion deprived Plaintiff of his liberty in violation of the Fourth Amendment, violating Rights protected under the Fourteenth Amendment of the United States Constitution.

27) Plaintiff was arrested absent verified complaint.

28) Defendant Hooten and Defendant Morales knew or should have known with respect to their duties and clearly established law; Plaintiff had a right to be secure in his person against unreasonable searches and seizures.

30) Defendant Hooten and Defendant Morales knew or should have known with respect to their duties and clearly established law; that an arrest or search could only arise from a warrant or exigent circumstances.

31) Defendant Hooten and Defendant Morales arrested, and imprisoned Plaintiff absent warrant or bona fide criminal process.

32) Plaintiff had a reasonable expectation Defendant Hooten and Defendant Morales would not arrest, or imprison his person absent warrant, exigent circumstances, probable cause hearing, or verified complaint, because that would violate clearly established law.

33) At all times relevant herein Defendants were acting under color of state law.

34) Defendants at all times relevant herein, acted in bad faith, with deliberate indifference, wantonly, recklessly, maliciously, and willfully, with the intent of injuring and oppressing Plaintiff, by the reason of which Plaintiff is entitled to all relief in Plaintiff's prayer.

## IV. FEDERAL CAUSES OF ACTION

35) All allegations in paragraphs 1 through 34 are incorporated herein by reference.

36) There herein described actions, engaged in under color of state authority by Defendants depriving Plaintiff of rights secured to him by the U.S. Constitution, including, but not limited to, Plaintiff's Fourth Amendment right to be secure in his person against unreasonable searches and seizures, and Plaintiff's Fourteenth Amendment liberty rights and right to due process.

37) **Primary cause:** Plaintiff's Fourth Amendment right, as it applies to the states through the Fourteenth Amendment right to be secure in his person against unreasonable searches and seizures was violated upon being forcibly detained, arrested, and handcuffed without even a *scintilla* of justification, therefore under the guise of being arrested which was objectively unreasonable and contrary to clearly established law. Thus, Defendants were trespassers *ab initio* for their deliberate wanton disregard of their duties, law, and defrauding Plaintiff of his due process rights. This action resulted directly and only from a use of force of

Defendants on Plaintiff that was clearly excessive to the need, law, and Plaintiff's right(s) which is objectively unreasonable. Plaintiff also claims upon Defendants trespass on his person and violations of clearly established law he was subjected to false arrest and imprisonment and aggravated assault and battery of his person without cause or bona fide criminal process. As a direct and proximate result of the Defendants actions against Plaintiff whereby violating clearly established law, Plaintiff has suffered injuries to his person.

38) **Secondary cause:** Plaintiff's Fifth Amendment right(s).

39) **Third cause:** Plaintiff's Fourteenth Amendment right(s) to locomotion, to be free from false arrest, false imprisonment, assault and battery, and due process was deprived by Defendants seizing, arresting and imprisoning Plaintiff's person without cause or bona fide criminal process. As a direct and proximate result of the Defendants actions against Plaintiff whereby violating clearly established law, Plaintiff has suffered injuries to his person.

40) **Final cause:** Defendants subjected Plaintiff to deprivations of procedural due process rights under color of state law. Plaintiff's injuries resulted directly from the Defendants objectively unreasonable use of force.

## PRAYER FOR RELIEF

41) **Wherefore,** Plaintiff respectfully demands **in the interest of justice,** judgment against Defendant Hooten and Defendant Morales who acted objectively unreasonable, deliberately indifferent and wantonly in violating clearly established law and Plaintiff's rights with reckless disregard for Plaintiff's reasonable expectations of those rights as follows:

42) $24,700.00 from Defendant Hooten and $24,700.00 from Defendant Morales for a total of $49,400.00 for all of the Plaintiff's injuries sustained by Defendant Hooten and Defendant Morales; such as, false arrest, false imprisonment, assault

and battery, and violation of Plaintiff's Fourth, fifth, and Fourteenth Amendment rights.

43) Punitive damages in the amount of $74,100.00 from Defendant Hooten and $74,100.00 from Defendant Morales for a total of $148,200.00 to deter and to make examples of Defendant Hooten and Defendant Morales, all costs and disbursements of this action, all attorney's fees pursuant to 42 U.S.C. § 1988, the right to amend this complaint by further evidence and fact finding, declaratory judgment that actions of Defendant Hooten and Defendant Morales on said evening herein constituted an unlawful arrest, imprisonment, assault and battery of Plaintiff's person in violation of U.S. Constitution Fourth Amendment, Fourteenth Amendment due process clause, and 42 U.S.C. § 1983.

44) Injunctive relief to prevent Defendant Hooten and Defendant Morales from detaining, arresting, or imprisoning Plaintiff hereafter absent probable cause or reasonable suspicion that Plaintiff committed a crime.

45) Plaintiff additionally requests Defendant Hooten and Defendant Morales be ordered to abide by their sworn oaths and any other relief this court deems proper.

## DEMAND FOR JURY TRIAL

46) Plaintiff hereby demands a jury trial on all issues raised in this complaint.

## VERIFICATION

State of Arizona)

        ) SS.

County of Yavapai)

I, George W. Schaffer, Plaintiff do affirm the facts and allegations within the attached complaint hereto to be true and correct to the very best of my knowledge and belief. So help me God.

I, George W. Schaffer, Plaintiff do affirm the facts and allegations within the attached complaint hereto to be true and correct to the very best of my knowledge and belief. So help me God.

Dated  this 24th day of July 2017

Plaintiff, Pro se

George W. Schaffer

P.O. Box 134

Skull Valley, AZ 86338