WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| George W. Schaffer,<br><br>           Plaintiff,<br><br>v.<br><br>Larry Hooten and Daniel Morales,<br><br>           Defendants. | No. CV-17-08150-PCT-DGC<br><br>**ORDER** |

      Pro se Plaintiff George Schaffer filed a complaint against Defendants Larry Hooten and Daniel Morelez,[1] alleging federal and state law violations arising from their encounter with and detention of Plaintiff on July 29, 2016. Doc. 17. Defendants now move for judgment on the pleadings pursuant to Rule 12(c). Doc. 24. The motion is fully briefed, and no party requests oral argument. For the reasons that follow, the Court will grant Defendants' motion in part and deny it in part.

**I.    Background.**

      For purposes of this motion, Plaintiff's factual allegations are accepted as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff is a resident of Yavapai County, Arizona, and a first responder for the Skull Valley Fire Department. Doc. 17 ¶¶ 4, 7. Defendants are Yavapai County Deputy Sheriffs. *Id.* ¶ 5. At all times relevant to this

---

    [1] The complaint and caption spell this name incorrectly. The Court will render the correct spelling as noted in Defendants' answer. Doc. 22 at 1 n.1.

complaint, Defendants were in uniform, armed, and acting in their official capacities as law enforcement officers. *Id.* ¶¶ 5, 17, 33.

Plaintiff and Defendants participated in an emergency response call with the fire and sheriff's departments on July 29, 2016. *Id.* ¶ 7; Doc. 22 ¶ 7. After concluding the call, Defendant Hooten asked Plaintiff to participate in a debriefing. Doc. 17 ¶ 8. "Plaintiff reacted with an involuntary, non-threatening mild expression." *Id.* ¶ 9. Defendant Hooten then asked Plaintiff to state his full name and date of birth. *Id.* ¶ 12. Plaintiff responded: "You don't need that." *Id.* ¶ 13. Defendant Hooten continued to request his name and date of birth, and Plaintiff continued to refuse. *Id.* ¶¶ 14-15. When Plaintiff departed to end the encounter, Defendants pursued Plaintiff and demanded that he place his hands on a vehicle. *Id.* ¶¶ 16-18. Plaintiff complied, and Defendant Hooten gave him "two seconds" to provide his name and date of birth. *Id.* ¶¶ 19-20. Defendant Morelez then handcuffed Plaintiff, and Defendant Hooten threatened to arrest him. *Id.* ¶¶ 21-23. Defendants removed the handcuffs after approximately ten minutes, and Plaintiff was free to leave. *Id.* ¶¶ 24-25.

Plaintiff alleges that this detention caused injuries "including but not limited to loss of liberty, loss of sleep, stress and anxiety, and emotional distress experienced during the interrogation, assault and arrest, and after, potential damage to his professional reputation, and defamation of character." *Id.* ¶ 40. Plaintiff seeks $197,600 in damages, an injunction barring further restraints on his liberty without suspicion, and an order that Defendants abide by their oaths as law enforcement officers. *Id.* ¶¶ 49-52.

**II. Legal Standard.**

Rule 12(c) is functionally identical to Rule 12(b)(6) and the same standard applies to motions brought under either rule. *Gregg v. Haw. Dep't of Pub. Safety*, 870 F.3d 883, 887 (9th Cir. 2017). Thus, a successful Rule 12(c) motion must show either that the complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion for judgment

on the pleadings as long as it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A pro se plaintiff's factual allegations are held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The rule of liberal construction of pleadings is "'particularly important in civil rights cases.'" *Garmon v. Cty. of L.A.*, 828 F.3d 837, 846 (9th Cir. 2016) (quoting *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

**III. Discussion.**

Plaintiff sues Defendants for (1) criminal deprivation of rights under color of state law in violation of 18 U.S.C. § 242, (2) criminal violations of A.R.S. §§ 13-1204 and 13-2412, and (3) deprivation of rights under the Fourth, Fifth, and Fourteenth Amendments in violation of 42 U.S.C. § 1983. Doc. 17 ¶¶ 41-47.

**A. Criminal Deprivation of Rights.**

Plaintiff alleges a violation of 18 U.S.C. § 242, a federal criminal statute that prohibits the deprivation of rights under the color of state law. Doc. 17 at 5, ¶ 35. Defendants argue that the Court must dismiss Plaintiff's claim because § 242 does not provide a private right of action. Doc. 24 at 12. Plaintiff acknowledges that he made a mistake by citing § 242, but does not move to dismiss this claim. Doc. 25 at 4. Section 242 is a criminal statute that does not create a private right of action. *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) (18 U.S.C. § 242 does "not give rise to civil liability"). The Court accordingly will dismiss this claim.

**B. Arizona Crimes.**

Plaintiff alleges two Arizona crimes: aggravated assault in violation of A.R.S. § 13-1204, and demanding a date of birth in violation of A.R.S. § 13-2412. Doc. 17 ¶ 43.

Defendants offer two reasons to dismiss these claims. Defendants first argue that Plaintiff failed to give proper notice of his claims pursuant to A.R.S. § 12-821.01. Doc. 24 at 4. Under this statute, "[p]ersons who have claims against . . . a public employee shall file claims with the person or persons authorized to accept service for the . . . public employee as set forth in the Arizona rules of civil procedure within one hundred eighty days" of when the action accrues. A.R.S. § 12-821.01(A). A claimant must serve both the employer and individual employee in accordance with the Arizona rules of civil procedure. *Harris v. Cochise Health Sys.*, 160 P.3d 223, 230 (Ariz. Ct. App. 2007); *Quade v. Ariz. Bd. of Regents*, No. CV-15-00610-PHX-JJT, 2015 WL 10939902, at *5 (D. Ariz. Sept. 14, 2015).

Under Arizona Rule of Civil Procedure 4.1(d), the requirement for individual service is met where a copy of the notice of claim is (1) delivered to the employee, either in person or by mail, (2) left with a person of suitable age who is residing with the employee, or (3) served on a person who is authorized to accept service on behalf of the employee. *Simon v. Maricopa Med. Ctr.*, 234 P.3d 623, 629 (Ariz. Ct. App. 2010) (citing Ariz. R. Civ. P. 4.1(d)). If a plaintiff does not comply with A.R.S. § 12-821.01, his claim is statutorily barred. *Falcon ex rel. Sandoval v. Maricopa Cty.*, 144 P.3d 1254, 1256 (Ariz. 2006).

Defendants argue that Plaintiff's state law claims should be dismissed because Plaintiff has not alleged that he timely delivered a notice of claim to Defendants. Doc. 24 at 5. Plaintiff counters that he "sent each Defendant a Tort letter via certified receipt mail" within the notice period. Doc. 25 at 2-3. The Court cannot dismiss the state law claims on this ground. Limiting its review to the pleadings, the Court cannot find as a matter of law that Plaintiff failed to comply with the notice statute.[2]

---

[2] Defendants attach two exhibits to their reply brief, alleging that they are Plaintiff's "tort letters." *See* Doc. 26-1. The Court cannot consider extrinsic evidence submitted by either side without converting this Rule 12(c) motion to a motion for summary judgment. Fed. R. Civ. P. 12(d). At this early stage of the litigation, the Court declines to do so. And because the complaint does not refer to the notice letters, the Court cannot consider the exhibits as incorporated by reference into the complaint. *See Mader v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (reciting three requirements for

Defendants next argue that §§ 13-1204 and 13-2412 do not create private rights of action. Doc. 24 at 6. Plaintiff appears to concede that he did not intend to file criminal complaints against Defendants. Doc. 25 at 4. The Court will dismiss these claims. Under Arizona law, "no private cause of action should be inferred based on a criminal statute where there is no indication whatsoever that the legislature intended to protect any special group by creating a private cause of action by a member of that group." *Phx. Baptist Hosp. & Med. Ctr., Inc. v. Aiken*, 877 P.2d 1345, 1350 (Ariz. Ct. App. 1994) (internal quotation marks omitted). Plaintiff has made no such showing with respect to §§ 13-1204 and 13-2412.

### C. Section 1983 Claims.

"Section 1983 is a vehicle by which plaintiffs can bring federal constitutional and statutory challenges to actions by state and local officials." *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir. 2015) (internal quotation marks omitted). To state a claim under § 1983, a plaintiff must allege two elements: (1) the violation of a right secured by the Constitution or laws of the United States (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Dismissal of a § 1983 claim "is proper if the complaint is devoid of factual allegations that give rise to a plausible inference of either element." *Naffe*, 789 F.3d at 1036.

#### 1. Fourth Amendment *Terry* Stop.

Plaintiff alleges that Defendants violated his Fourth Amendment rights by detaining him without reasonable suspicion that he had committed a crime. Doc. 17 ¶ 44. The Fourth Amendment protects against "unreasonable searches and seizures" by the government, and "'its protections extend to brief investigatory stops of persons . . . that fall short of traditional arrest.'" *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (citing *Terry v. Ohio*, 392 U.S. 1, 9 (1968)); *see also Ramirez v. City of Buena Park*, 560 F.3d 1012, 1020 (9th Cir. 2009). An investigatory stop does not violate the Fourth Amendment "if the officer's action is supported by reasonable suspicion to believe that

---

incorporation by reference).

criminal activity may be afoot." *Arvizu*, 534 U.S. at 273 (internal quotation marks omitted). The Court must look at the "totality of the circumstances" to determine whether the officer had an objective basis to suspect wrongdoing. *Id.* "Although an officer's reliance on a mere hunch is insufficient to justify a stop, the likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard." *Id.* at 274 (internal quotation marks and citations omitted).

Defendants argue that they had reasonable suspicion that Plaintiff was impersonating a public servant at the scene of an emergency response call. Doc. 24 at 8. Specifically, Defendants argue that they briefly detained him because he was not wearing any uniform or insignia that would have identified him as a first responder and he refused to share his identity. *Id.* at 8-9.[3]

The Supreme Court's decision in *Brown v. Texas*, 443 U.S. 47 (1979), is instructive. Two patrol officers observed Brown and another man walking in opposite directions from each other in an alley. *Brown*, 443 U.S. at 48. One officer asked Brown to identify himself and explain what he was doing in a high crime area. *Id.* at 48-49. Justifying the stop, the officer testified that Brown "looked suspicious and we had never seen that subject in that area before." *Id.* at 49. The Court held that the initial seizure of Brown to determine his identity was unreasonable because the officers "lacked any reasonable suspicion to believe [Brown] was engaged or had engaged in criminal conduct." *Id.* at 53.

Defendants likewise contend that they stopped Plaintiff only to obtain his identity. Doc. 24 at 8-9. This case is somewhat distinguishable from *Brown* because apparent civilian participation in an emergency response call could be viewed as suspicious. But reading the allegations in the light most favorable to Plaintiff, the Court cannot find as a

---

[3] Defendants also contend that they can ask for identification "without implicating the Fourth Amendment." Doc. 24 at 9-10. But Plaintiff does not rely solely on Defendants' request for his name. Plaintiff's complaint instead focuses on Defendants' additional request for his birthday and his brief detention. *See* Doc. 17.

- 6 -

matter of law that Defendants had reasonable suspicion to detain Plaintiff. The complaint alleges that Defendants approached Plaintiff without cause and detained him when he attempted to terminate a consensual encounter. "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *implausible*." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (emphasis in original). Because the Court cannot find Plaintiff's alternative explanation of the facts implausible, the motion will be denied with respect to this claim.

### 2. Fourth Amendment False Arrest.

Plaintiff alleges that Defendants violated his Fourth Amendment rights by arresting him without probable cause. Doc. 17 ¶ 44. "A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification." *Dubner v. City & Cty. of S.F.*, 266 F.3d 959, 964 (9th Cir. 2001).

Defendants argue that no arrest occurred – they briefly detained Plaintiff to determine his identity. Doc. 24 at 10. "There is no bright-line rule to determine when an investigatory stop becomes an arrest." *Sialoi v. City of San Diego*, 823 F.3d 1223, 1232 (9th Cir. 2016) (citation omitted). To distinguish between a *Terry* stop and an arrest, the Ninth Circuit has counseled that district courts should consider several factors, including whether (1) the suspect was handcuffed; (2) the police drew their weapons; (3) the police physically restricted the suspect's liberty; (4) special circumstances existed, such as a risk of violence; and (5) the officers were outnumbered. *Id.*

Plaintiff alleges facts sufficient to suggest that an arrest occurred, even if only briefly. Defendants pursued Plaintiff, ordered him to place his hands on a vehicle, deployed a night stick, handcuffed him, and threatened to arrest him. Doc. 17 ¶¶ 16-23. Nothing in the complaint suggests that there was a risk of violence or that the officers were outnumbered. Reading the allegations in the light most favorable to Plaintiff, the Court cannot determine as a matter of law that no arrest took place. The Court accordingly will deny Defendants' motion with respect to this claim.

### 3. **Fourth Amendment Excessive Force.**

Plaintiff alleges that Defendants used excessive force. Doc. 17 ¶ 44. An excessive force claim must show that the officers' use of force was objectively unreasonable in light of the facts and circumstances confronting them. *Graham v. Connor*, 490 U.S. 386, 397 (1989). "Determining whether the force used to effect an arrest is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks omitted). The importance of those governmental interests is determined by "looking at (1) how severe the crime at issue is, (2) whether the suspect posed an immediate threat to the safety of the officers or others, and (3) whether the suspect was actively resisting arrest or attempting to evade arrest by flight." *Mattos v. Agarano*, 661 F.3d 433, 441 (9th Cir. 2011) (en banc). This list of factors is not exhaustive. The Court must "examine the totality of the circumstances and consider whatever specific factors may be appropriate in a particular case." *Id.*

Defendants argue that the complaint fails to allege that they used any physical force against Plaintiff. Doc. 24 at 11. Defendants also note that the complaint fails to allege that they displayed their weapons in a "show of force." *Id.*

The Court agrees with Defendants. The complaint alleges that (1) Defendants "were both armed and pursued and seized Plaintiff," (2) Defendant Morelez "pull[ed] out his night stick," and (3) Defendant Morelez handcuffed Plaintiff. Doc. 17 ¶¶ 17, 22. The use of handcuffs may amount to excessive force under certain circumstances, *Wall v. Cty. of Orange*, 364 F.3d 1107, 1112 (9th Cir. 2004), but Plaintiff does not allege that the handcuffs caused physical discomfort. And although an excessive force claim may arise without any physical injury, *Robinson v. Solano Cty.*, 278 F.3d 1007, 1014-15 (9th Cir. 2002) (en banc), Plaintiff fails to allege how Defendants used or threatened to use their weapons. The complaint asserts only that they were armed and that Defendant Morelez pulled out his night stick. The Court cannot "infer more than the mere

possibility of misconduct[.]" *Iqbal*, 556 U.S. at 679. The Court will dismiss Plaintiff's excessive force claim.

### 4. Fifth Amendment.

Plaintiff alleges that Defendants violated his Fifth Amendment rights. Doc. 17 ¶ 45. The Court construes this claim as an alleged violation of the Fifth Amendment's due process clause. *See Garmon*, 828 F.3d at 846 (pro se plaintiff's pleadings must be liberally construed). A § 1983 claim alleging such a violation requires federal government action. *Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008) ("the Fifth Amendment's due process clause only applies to the federal government"). Defendants are local law enforcement officers. Doc. 17 ¶ 5. Because the federal government is not a defendant, the Court will dismiss this claim.

### 5. Fourteenth Amendment.

Plaintiff alleges that Defendants violated his Fourteenth Amendment rights to "locomotion, to be free from false arrest, false imprisonment, assault and battery, and due process." Doc. 17 ¶ 46. Defendants contend that this claim must be dismissed because it arises under the Fourth Amendment alone. Doc. 24 at 11-12.

The Court agrees with Defendants. "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendments, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) (internal quotation marks omitted). This cause of action arises from an allegedly unlawful seizure by law enforcement officers and presents a Fourth Amendment issue. Because this claim does not give rise to a claim separate from the Fourth Amendment claims discussed above, the Court will dismiss it.

### 6. Procedural Due Process.

Plaintiff alleges that Defendants deprived him of procedural due process. Doc. 17 ¶ 47. "To obtain relief on § 1983 claims based upon procedural due process, the plaintiff must establish the existence of (1) a liberty or property interest protected by the

Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." *Guatay Christian Fellowship v. Cty. of San Diego*, 670 F.3d 957, 983 (9th Cir. 2011) (internal quotation marks omitted). The Court will dismiss this claim because the complaint fails to identify any relevant procedures Plaintiff was denied. *See* Doc. 17.

**IT IS ORDERED** that Defendants' motion for judgment on the pleadings (Doc. 24) is **granted** with respect to claims based on 18 U.S.C. § 242, A.R.S. §§ 13-1204 and 13-2412, Fourth Amendment excessive force, the Fifth Amendment, the Fourteenth Amendment, and procedural due process. The motion is **denied** with respect to the Fourth Amendment *Terry* stop and false arrest claims.

Dated this 5th day of March, 2018.

_____
David G. Campbell
United States District Judge